UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


OLGA N. KOROBKOVA,

                                        Plaintiff,

v.                                                          CIVIL CASE NO. 07-11335

CAROL JENIFER, District Director, United
States Citizen and Immigration Services;          HONORABLE PAUL V. GADOLA
MICHAEL CHERTOFF, Secretary Department            U.S. DISTRICT JUDGE
of Homeland Security; and ROBERT S.
MUELLER, Director, Federal Bureau of
Investigation,

                                        Defendants.
_____/

## ORDER DISMISSING CAUSE OF ACTION

Now before the Court is Defendants' motion to dismiss the cause of action, pursuant to

Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Defendants argue that this court lacks

subject matter jurisdiction over this matter and that Plaintiff has failed to state a claim upon which

relief can be granted. For the following reasons, the Court will dismiss this matter pursuant to Rule

12(b)(1).

## I.      Introduction

Plaintiff Olga Korobkova is a native and citizen of Russia. Pl's Compl., ¶ 4. On April 25,

2005, Plaintiff married Lyle Peck, a United States citizen. *Id.* ¶ 10. Subsequently, on June 17,

2005, Plaintiff filed a Form I-485, "Application to Register Permanent Residence or Adjust Status,"

seeking an adjustment of status to lawful permanent resident based upon her marriage to a United

States citizen. *Id.* ¶ 9. The United States Citizenship and Immigration Services ("USCIS")

interviewed Plaintiff on February 14, 2006 with respect to her application. *Id.* ¶ 11. Despite the

passage of more than two years since the filing of her application, and more than one year since her interview, a decision on Plaintiff's application has not been rendered. In particular, the FBI name check has not been completed so as to complete her background check. Consequently, on March 28, 2007, Plaintiff filed a complaint for a writ of mandamus, seeking to compel Defendants to "complete any and all security checks and clearances required to complete the adjudication of Plaintiff's Application to Register Permanent Residence or Adjust Status." Pl's Compl., ¶ 1.

## II.     Legal Standard

The federal courts are courts of limited jurisdiction. *See Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 582 (6th Cir. 1990) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Fed'l Trade Comm'n v. Owens-Corning Fiberglas Corp.*, 853 F.2d 458, 464 (6th Cir. 1988), *cert. denied*, 489 U.S. 1015 (1989)). "Because federal judges are not subject to direct check by any other branch of government– because the only restraint on our exercise of power is self-restraint– we must make every reasonable effort to confine ourselves to the exercise of those powers that the Constitution and Congress have given us." *Wis. Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986).

When a party files a motion challenging subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court must initially determine whether the motion is a facial attack or whether it is a factual attack. "A facial attack on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading." *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). When reviewing a facial attack, the Court is required to take the factual allegations in the complaint as true. *Id*. However, when a party presents a factual attack, the Court does not presume any truthfulness to the factual allegations of the complaint. *Id.*

Instead, "[w]hen facts presented to the district court give rise to a factual controversy, the district court must therefore weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id.* In so doing, the Court "has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir.1977)). No matter which type of attack under Rule 12(b)(1) is presented, when "subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).

### III.    Analysis

An application for adjustment of status is governed by 8 U.S.C. § 1255:

> The status of an alien who was inspected and admitted or paroled into the United States . . . **may be adjusted** by the Attorney General, **in his discretion** and under such regulations **as he may prescribe**, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a)(emphasis added).

A plain reading of Section 1255(a) demonstrates the unambiguous discretionary authority of the Attorney General to adjust an alien's status. Noticeably absent from the text of the statute is any language setting forth a time limit within which a decision to adjust the status must be made by the Attorney General.

Furthermore, Section 1252(a)(2)(B) strictly limits judicial review in this area, stating:

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . **no court shall have jurisdiction to review**--

3

\*\*\*

(ii) **any** other decision or **action** of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B).

Examining the present case, Plaintiff seeks a writ of mandamus compelling Defendants to complete all the necessary steps so that her application for adjustment of status can be decided. Plaintiff, seeking to meet her burden of establishing jurisdiction following Defendants' challenge, asserts three grounds for this Court's jurisdiction. First, Plaintiff asserts that this Court has jurisdiction pursuant to the Mandamus Act, 28 U.S.C. § 1361. Second, Plaintiff argues that the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, confers jurisdiction on this Court. Finally, Plaintiff contends that because she presents an issue "arising under the Constitution, laws, and treaties of the United States," the Court possesses federal question jurisdiction, pursuant to 28 U.S.C. 1331.

Mandamus jurisdiction in federal courts is governed by 28 U.S.C. § 1361, which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." "The prerequisite that a duty be owed to the plaintiff has been read narrowly to require that the officer or employee of the United States owe a 'ministerial duty that [is] compelled by law.' " *Ryon v. O'Neill*, 894 F.2d 199, 205 (6th Cir. 1990)(citing 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3655 (2d ed. 1985)).

For there to be a "duty owed to the plaintiff" within the meaning of section 1361, there must be a "mandatory or ministerial obligation. If the alleged duty is discretionary or directory, the duty is not 'owed.' " *Short v. Murphy*, 512 F.2d 374, 377 (6th Cir. 1975). A duty is not "owed" unless the obligation is " 'plainly defined

and peremptory.' "

*Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987).  Restated simply, a plaintiff seeking mandamus relief bears a heavy burden because a writ of mandamus is an "extraordinary" remedy reserved for only the most compelling cases where the plaintiff can show a clear and undisputable right to the relief sought.  *In re Bendectin Products Liability Litigation*, 749 F.2d 300, 303 (6th Cir. 1984).

Additionally, a court may have jurisdiction to compel action of a governmental agency under the Administrative Procedures Act ("APA"), 5 U.S.C. § 701, *et seq.*  Section 706 of Title 5 provides that a court may compel an agency to act when the action requested has been unlawfully withheld or unreasonably delayed.  5 U.S.C. § 706(1).  However, the power to compel under Section 706 is inapplicable when the "agency action is committed to agency discretion" or when another statute precludes judicial review.  5 U.S.C. § 701(a)(1),(2).  Accordingly, under either the Mandamus Act or the APA, the Court's jurisdiction depends on whether the action in question is a discretionary one.

Examining 8 U.S.C. § 1255, a plain reading reveals that the Attorney General's decision to grant or deny an application for adjustment of status is purely discretionary.  *See* 8 U.S.C. § 1255(a)("The status of an alien who was inspected and admitted or paroled into the United States. . . **may be adjusted** by the Attorney General, **in his discretion** and under such regulations **as he may prescribe**. . . ."(emphasis added)).  Discretionary acts are, by nature, not "owed."  *See Short*, 512 F.2d at 377.  Therefore, a decision to adjustment Plaintiff's status cannot be considered an act to which Plaintiff has demonstrated a clear and undisputable right to such an extraordinary remedy as a writ of mandamus, s*ee In re Bendectin Products Liability Litigation*, 749 F.2d at 303, nor one in which this Court may compel the agency to act. 5 U.S.C. § 701(a)(2)

Furthermore, to the extent that Plaintiff argues that although the Court may not compel the Attorney General to make a *certain* decision, she is, nevertheless, entitled to writ of mandamus to compel *a* decision within a reasonable time, the Court disagrees. This argument was persuasively analyzed in *Safadi v. Howard*, 466 F. Supp. 2d 696 (E.D. Va. 2006). The *Safadi* court considered whether 8 U.S.C. § 1252(a)(2)(B) precluded the Court from reviewing "the pace or nature of the process USCIS has implemented to execute its discretionary authority to adjust plaintiff's status." *Safadi*, 466 F. Supp. 2d at 698. The court concluded that the " 'action' in § 1252(a)(2)(B)(ii) encompasses the *entire* process of reviewing an adjustment application, including the completion of the background and security checks and the pace at which the process proceeds." *Safadi*, 466 F. Supp. 2d at 699.

> Indeed, to suggest that Congress intended to except the pace of the process from the general exclusion of judicial review is belied by the complete absence of any statutory time limits on the processing of adjustment applications. Instead, § 1255(a) simply provides that the adjustment application process is subject to the regulations that USCIS may elect to prescribe. Nowhere in the statute is there any reference to time limits for the processing of adjustment of status applications or the need for expedition in doing so. The absence of any such reference is consistent with, and confirmatory of, Congress' intent to confer on USCIS discretion over not just the adjustment of status decision, but also the process employed to reach that result, and to exclude from judicial review the exercise of all that discretion. *See Sharkey v. Ganter*, 2006 WL 177156, at *4, 2006 U.S. Dist. LEXIS 2607, at *12-13 (S.D.N.Y.2006) (stating that under § 1255(a) USCIS has "wide discretion," thus, under § 1252(a)(2)(B) it is "clear that USCIS has non-reviewable discretion with regard to applications for adjustment of immigration status"). A contrary conclusion would require judicial review in the absence of statutory standards, an unsound result surely not intended by Congress. *See El-Khader v. Monica*, 366 F.3d 562 (7th Cir.2004) (dismissing complaint for lack of subject matter jurisdiction where Attorney General has statutory discretion and no legal standard exists to evaluate the exercise of this discretion).

*Id.*

Summing up its conclusion as to the jurisdictional issue, the *Safadi* court stated, "§ 1255(a)

vests the USCIS with discretion over the *entire* process of adjustment application adjudication. As such, § 1252(a)(2)(B)(ii) precludes judicial review of any 'action,' meaning any act or series of acts, included within the ongoing adjudication process and the pace at which that action proceeds." *Id.* at 700 (emphasis in original).

The Court finds this analysis persuasive and, although various district courts in other districts have reached a different conclusion, see, e.g., *Tang v. Chertoff*, Case No. 07-203, 2007 WL 2462187 (E.D. Ky. Aug. 29, 2007); *Yan Yang v. Gonzales*, Case No. 07-050, 2007 WL 1726501 (S.D. Ohio June 11, 2007), this Court concludes that it does not have jurisdiction over this matter. In so concluding, the Court joins every other judge in this district that has considered the issue. *See Yazbek v. Chertoff*, Case No. 07-12566, 2007 WL 2875462, (E.D. Mich. Oct. 1, 2007)(Zatkoff, J.); *Azadegan v. Chertoff*, Case No. 07-11238, 2007 WL 2822783 (E.D. Mich. Sept. 27, 2007)(Borman, J.); *Kuchumov v. Chertoff*, Case No. 07-12277, 2007 WL 2782045 (E.D. Mich. Sept 24, 2007)(Duggan, J.); *Chehab v. Chertoff*, No. 07-11068, 2007 WL 2372356 (E.D. Mich. Aug. 17, 2007)(O'Meara, J.); *Xu v. Chertoff*, No. 06-15398, 2007 WL 2221401 (E.D. Mich. July 31, 2007)(Steeh, J.); *Khan v. Chertoff*, No. 07-10527 (E.D. Mich. July 26, 2007)(Ludington, J.)(unpublished); *Kiromi v. United States Citizenship and Immigration Services*, No. 07- 10446 (E.D. Mich. July 13, 2007)(Cook, J.); *Shen v. Chertoff*, 494 F. Supp. 2d 592, 595 (E.D. Mich. Jul. 9, 2007)(Friedman, J.).

Finally, the Court notes that Plaintiff has not asserted any other independent jurisdictional basis for Plaintiff's claims. Her assertion that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because she presents an issue "arising under the Constitution, laws, and treaties of the United States," is without support. The Court has concluded that none of the above statutes support this

Court's consideration of the matter and Plaintiff has not presented any other federal statute that provides jurisdiction. Therefore, Plaintiff has not carried her burden of demonstrating that this Court has jurisdiction to consider this matter and the matter will be dismissed, pursuant to Federal Rule of Civil Procedure 12(b)(1).

**IV.    Conclusion**

For the foregoing reasons; **IT IS HEREBY ORDERED** that Defendants' motion to dismiss [docket entry #8] is **GRANTED**.

**SO ORDERED**.


Dated:   November 2, 2007                          s/Paul V. Gadola
                                                   HONORABLE PAUL V. GADOLA
                                                   UNITED STATES DISTRICT JUDGE


Certificate of Service

I hereby certify that on   November 2, 2007   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                     Steven M. Garmo; Robert W. Haviland                     , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                         .


                                                   s/Ruth A. Brissaud
                                                   Ruth A. Brissaud, Case Manager
                                                   (810) 341-7845